UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL WILLIAM DONAGHE,

    Plaintiff,

    v.

Dr. HENRY RICHARDS *et al*.,

    Defendants.

Case No. C07-5440RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
October 19, 2007**

    This 42 U.S.C. § 1983 action, raising claims under the American with a Disabilities Act, has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. The action originally listed four separate plaintiffs. This action will proceed only as to Mr. Donaghe's claims. The other plaintiff's have been instructed to file separate actions. Mr. Donaghe has been ordered to file a second amended complaint that contains only claims germane to him. This Report and Recommendation addresses Mr. Donaghe's motion for *in forma pauperis* status.

    Mr. Donaghe states he does not have employment "under the normal definition of

REPORT AND RECOMMENDATION- 1

employment." (Dkt. # 1). He does not state he has no stream of income and does not disclose how much money he makes monthly from his non traditional employment. His application does reflect a saving balance of $750 Dollars (Dkt # 1).

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*. Plaintiff has not shown that is unable to pay the full filing fee to proceed with his lawsuit. Mr. Donaghe has more than enough funds in savings to pay the full filing fee. The court should direct Mr. Donaghe to pay the filing within 30 days of the court's order and if he fails to pay the filing fee the clerk should be directed to dismiss this matter.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 19, 2007,** as noted in the caption.

DATED this 10 day of September, 2007.

>                  */S/ J. Kelley Arnold*
>                  J. Kelley Arnold
>                  United States Magistrate Judge

REPORT AND RECOMMENDATION- 2